GREGG S. GARFINKEL, SBN #156632
AMY W. LEWIS, SBN #158999
STONE | ROSENBLATT | CHA, PLC
A Professional Law Corporation
21550 Oxnard Street, Main Plaza - Suite 200
Woodland Hills, California 91367
Tel: (818) 999-2232
Fax: (818) 999-2269
ggarfinkel@srclaw.com/alewis@srclaw.com

Attorneys for Plaintiff
UNITED VAN LINES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED VAN LINES, LLC., a Limited Liability Company,

    Plaintiff,

v.

PAUL RICCI and NICOLE REED and DOES 1 through 10, inclusive,

    Defendants.

Case No. CV 08 1216

COMPLAINT FOR (1) BREACH OF CONTRACT FOR INTERSTATE TRANSPORTATION AND (2) MONIES DUE AND OWING FOR WORK, LABOR AND SERVICE (UNJUST ENRICHMENT)

TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:

    COMES NOW PLAINTIFF, UNITED VAN LINES, LLC., ("UNITED"), and hereby files this Complaint against Defendants, PAUL RICCI and NICOLE REED (hereinafter "RICCI/REED"), and states as follows:

### Jurisdiction

1.    This Court has original jurisdiction in this action by virtue of 28 U.S.C. §§ 1331 and 1337, as confirmed in *Thurston Motor Lines v. Rand*, 460 U.S. 583 (1983) and 28 U.S.C. § 1367. This action involves the collection of transportation charges for a shipment moving in interstate commerce, pursuant to the Interstate Commerce Act of 1995, 49 U.S.C.

§§ 13702, 13706 and 14705.

2. The matters complained of herein and the liability of Defendants arise from the interstate carriage of certain household goods from Marblehead, Massachusetts to Woodside, California. RICCI/REED are the consignees listed on the Bill of Lading issued by UNITED for the subject move and are responsible for the payment of the tariff charges incurred for the services rendered by UNITED.

## Parties

3. UNITED is a Missouri limited liability company with its principal place of business in Fenton, Missouri. UNITED is a motor carrier of household goods and personal property by authority of the Surface Transportation Board and the I.C.C. Termination Act of 1995, 49 U.S.C. § 13101 *et. seq.*

4. Upon information and belief, Defendants, RICCI/REED are individuals residing together in Woodside, California.

## Venue

5. Venue is proper in the United States District Court, Northern District of the State of California, in that Defendants reside in this District and a substantial part of the events and omissions giving rise to this action occurred in this District. 28 U.S.C. § 1391.

## First Cause of Action for Breach of Interstate Transportation Contract
## Against All Defendants

6. UNITED realleges and incorporates paragraphs 1 through 5 of the Complaint as if fully set forth herein.

7. The matter complained of herein and the liability of RICCI/REED is predicated, *inter alia*, upon the interstate transportation of property by UNITED, pursuant to UNITED's Interstate Bill of Lading No.: 380-43059-7, and UNITED's duly published tariffs incorporated therein by

1  reference. 49 U.S.C. §§ 13702 and 13706.

2  8. On or about June 27, 2007, RICCI/REED entered into and accepted a contract with UNITED for the interstate shipment of their household goods and effects from Marblehead, Massachusetts to Woodside, California. UNITED Interstate Bill of Lading and Freight Bill No. 380-43059-7 was issued when the shipment was tendered to UNITED. Defendants RICCI/REED are listed as the consignees on the Bill of Lading.

9. The total amount owing for the services rendered by UNITED is $4,313.81.

10. The Bill of Lading set forth above expressly incorporates UNITED's published tariffs.

11. The following terms are included in UNITED's published tariffs and are also printed on the reverse side of the Bill of Lading entered into between UNITED and RICCI/REED:

> The shipper, and/or consignor, upon tender of the shipment to carrier, and the consignee, upon acceptance of delivery of shipment of carrier, shall be liable, jointly and severally, for all unpaid charges payable on account of a shipment in accordance with applicable tariffs or contract rate schedules including, but not limited to, sums advanced or disbursed by a carrier on account of such shipment.

12. Further, the Bill of Lading also provides:

> The extension of such credit to either shipper or consignee for such unpaid charges shall not thereby discharge the obligation of the other party to pay such charges in the event the party to whom credit has

been extended shall fail to pay such charges.

13. On or about June 27, 2007, RICCI/REED tendered to UNITED the subject household goods for transportation in interstate commerce.

14. On or about July 17, 2007, UNITED delivered the subject goods to RICCI/REED pursuant to the Bill of Lading issued for the subject transportation.

15. The transportation charges which remain unpaid and which are at issue are $4,313.81.

16. The transportation services rendered at the request, and for the benefit, of RICCI/REED were performed in accordance with the Bill of Lading and UNITED's tariff provisions incorporated therein.

17. RICCI/REED were the actual and beneficial owners or legal possessors and consignees of the household goods and effects for which the interstate transportation services were provided by UNITED, pursuant to the Bill of Lading and UNITED's published tariffs incorporated therein by reference. In accordance with 49 U.S.C. §§ 13702 and 13706, UNITED is obligated to collect, and RICCI/REED are obligated to pay, the full applicable tariff charges due.

18. On or about July 17, 2007, RICCI/REED accepted the household goods and effects delivered by UNITED.

19. UNITED has performed all the terms and conditions required by the Bill of Lading and there is due and owing the sum of at least $4,313.81 as unpaid tariff transportation charges.

20. Despite timely and repeated demand, RICCI/REED have breached the Bill of Lading by failing and/or refusing to pay UNITED the outstanding transportation charges. As such, RICCI/REED are liable to UNITED in the sum of $4,313.81 pursuant to the terms of the Bill of Lading and the Interstate Commerce Act of 1995, 49 U.S.C. §§ 13706 and 13707.

21. The unpaid amount owed is a liquidated amount which became due on a specified date; thus, UNITED is entitled to pre-judgment interest at the legal rate of 9% per annum on such obligation from the date on which same became due through the date of judgment.

22. WHEREFORE, UNITED prays the Court for judgment in its favor and against RICCI/REED for actual damages in the amount of $4,313.81 as the evidence will show, together with interest at the legal rate of 9% per annum from the date due to the date of judgment, for the costs of this action, and for such other and further relief as the Court deems just and proper.

### Second Cause of Action for Unjust Enrichment
### Against All Defendants

Plaintiff, for Count II of its Complaint against Defendants, states as follows:

23. UNITED realleges and incorporates paragraphs 1-22 of the Complaint as if fully set forth herein.

24. For Defendant's benefit, UNITED transported RICCI/REED's household goods and effects in interstate commerce as outlined in the immediately preceding paragraphs. The services rendered by UNITED will be referred to herein as "the subject transportation."

25. UNITED rendered, for RICCI/REED's benefit, work, labor, materials and services for which RICCI/REED promised to pay the reasonable value thereof.

26. UNITED has conferred a benefit upon RICCI/REED by providing said transportation services as described above.

27. UNITED, at the time it supplied RICCI/REED with such services, had a reasonable expectation of being compensated therefore.

///

COMPLAINT

28. The services were conferred upon RICCI/REED for their own benefit. If RICCI/REED are allowed to retain these benefits, without compensating UNITED therefore, RICCI/REED will be unjustly enriched.

29. The reasonable value of the services performed by UNITED for the benefit of RICCI/REED is at least $4,313.81, none of which has been paid despite UNITED's repeated requests for same.

30. The unpaid amounts owed are liquidated amounts which became due on a specified date; thus, UNITED is entitled to pre-judgment interest at the legal rate of 9% per annum on such obligation from the date on which its became due through the date of judgment.

31. WHEREFORE, UNITED prays the Court for judgment in its favor and against RICCI/REED for actual damages in the amount of at least $4,313.81 as the evidence will show, together with interest at the legal rate of 9% per annum from the date of the invoice to the date of judgment, for the costs of this action, and for such other and further relief as the Court deems just and proper.

Dated:   February 25, 2008

STONE | ROSENBLATT | CHA
A Professional Law Corporation

By: _____
GREGG S. GARFINKEL
AMY W. LEWIS
Attorneys for Plaintiff
UNITED VAN LINES, LLC

COMPLAINT